McDANIEL v. ATLANTIC COAST LINE R. R.

1. Amending Pleading—Appeal.—Under Code of Procedure, 194, a complaint may be amended by striking out name of two parties for whose benefit the action was instituted, and such order is not appealable.

2. Serving Amended Complaint.—Order permitting amending of complaint by striking out certain words and inserting others may properly be served on opposing attorneys without service of amended complaint.

3. Answering Amended Complaint.—If defendant does not request permission to answer amended complaint, it cannot insist that failure to so provide in order permitting amendment is error.

Before Gary, J., Sumter, March, 1906. Affirmed.

Action by Amanda McDaniel, as administratrix of David McDaniel, against Atlantic Coast Line Railroad Co. From judgment for plaintiff, defendant appeals on following exceptions:

"1. It is respectfully submitted that his Honor erred in permitting any amendments to the complaint, because the complaint does not state facts sufficient to constitute a cause of action; in that the action is brought 'for the use and benefit of the heirs at law and distributees of said decedent.' Whereas, it appears from the complaint that the deceased left surviving him a wife and parents, and there is no action under the statute for 'the heirs at law and distributees,' unless there be no wife, child or children, parent or parents.

"2. It is respectfully submitted that his Honor erred in allowing the plaintiff to amend the complaint by striking out the words 'and his father, Adam J. McDaniel, and his mother, Susan McDaniel,' in that the action having been brought for the use and benefit of the heirs at law and distributees of the deceased, it was error of law to exclude from the benefit of the statute any who belong to the class 'heirs at law and distributees.'

"3. It is respectfully submitted that his Honor erred in allowing the plaintiff to amend the complaint by striking

out the name of Adam J. McDaniel, *in that* the action being brought for the benefit of the heirs at law and distributees, it was error of law to allow the plaintiff to so amend the complaint as to exclude from the benefits of the action the said Adam J. McDaniel, who is one of the heirs at law and distributees of the deceased.

"4. It is respectfully submitted that his Honor erred in allowing the plaintiff to amend the complaint so as to allege as follows, 'to wit: his widow, the plaintiff, Amanda McDaniel, his sole heir at law and distributee, he having left no children.' *In that* the widow is not the sole heir at law and distributee, and cannot be such unless there be no father, mother, brother or sister, child, lineal ancestor or next of kin.

"5. It is respectfully submitted that his Honor erred in providing in said order, 'That this order stand as the said amendment, and that a copy hereof be served upon the attorneys for the defendant.' *In that* the Code of Civil Procedure, section 167, provides that 'If the complaint be amended a copy thereof must be served on the defendant,' and this order attempted to dispense with the necessity for the service of such copy of the amended complaint.

"6. It is respectfully submitted that his Honor erred in not allowing the defendant to answer the amended complaint when served. *In that* the Code of Civil Procedure, section 167, provides that the defendant must answer the amended complaint within twenty days, or the plaintiff may have judgment by default."

*Messrs. P. A. Wilcox, Mark Reynolds, Cooper & Fraser,* for appellant, cite: *Action in behalf of a class cannot be amended by striking out individuals of the class*: 4 Ency. P. & P., 601; 69 S. C., 558; 8 Ency., 906; 68 S. C., 560; 29 S. C., 161; 21 Ency. P. & P., 720.

*Messrs. Lee & Moise,* contra, cite: *The order is not appealable:* Code of Proc., sec. 11, subd. 1; 8 S. C., 112; 11

S. C., 122; 25 S. C., 41; 74 S. C., 13; 3 S. C., 417; 51 S. C., 313, 317; 36 S. C., 562; 32 S. C., 102; 34 S. C., 345; 57 S. C., 502; 71 S. C., 340; 50 S. C., 540; 52 S. C., 584; 51 S. C., 284; 49 S. C., 423; 43 S. C., 264; 37 S. C., 606; 33 S. C., 100; 25 S. C., 41; 29 S. C., 26; 71 S. C., 426.

*Striking out these allegations left widow alleged as sole beneficiary*: 68 S. C., 554; Code of Proc., 194; 37 S. C., 54; 54 S. C., 492; 70 S. C., 279; 72 S. C., 465; 32 S. C., 142. *Order may stand as amendment of complaint and be served alone:* Code of Proc., 194; 73 S. C., 267; 74 S. C., 236.

January 14, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action under Lord Campbell's Act, for the wrongful killing of the plaintiff's husband.

The 7th and 8th paragraphs of the complaint are as follows:

"7. And the plaintiff further alleges that the said defendant, David McDaniel, departed this life intestate, leaving as his heirs at law and distributees and solely entitled to his estate, his widow, the plaintiff, Amanda McDaniel, and his father, Adam J. McDaniel, and his mother, Susan McDaniel.

"8. And the plaintiff further alleges that on the second day of January, 1902, she, as the widow of said decedent, was duly appointed by the court of probate for Sumter County, administratrix of the estate of the said David McDaniel, deceased; that she was duly qualified as such administratrix, and is now discharging the duties of her said office, and brings this action in her representative capacity under and in pursuance of the provisions of the Constitution of said State, and the statutes thereof; that is to say, under sections 2852, 2853, 2854 of the codified statutes of said State (1902), which are commonly known as Lord Campbell's Act and the acts amendatory thereof, and for the

use and benefit of the heirs at law and distributees of said decedent entitled under said statutes."

Upon motion, his Honor, the presiding Judge, ordered that the plaintiff have leave to amend her complaint, in the following particulars: by striking out the words, in paragraph 7, "and his father, Adam J. McDaniel, and his mother, Susan McDaniel;" and in paragraph 8, by inserting the word "aforesaid," before the word "heirs;" and by adding at the end of said paragraph the following words: "To wit: his said widow, the plaintiff, Amanda McDaniel, his sole heir at law and distributee, he having left no children."

He further ordered, that this order stand as the said amendment, and that a copy thereof be served upon the attorneys of the defendant.

The defendant appealed upon exceptions which will be set out in the report of the case.

When the case was called for hearing in the Supreme Court the respondent's attorneys interposed the preliminary objection that the order is not appealable.

Section 194 of the Code is as follows: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." The effect of the amendment was merely to strike out the names of two of the parties, for whose benefit the action was instituted, and did not involve the merits. Therefore, it was not appealable. But waiving such objection, the appeal must be dismissed, as the Court, by the express terms of the statute, was empowered to grant an order allowing said amendment. This disposes of the 1st, 2d, 3d, and 4th exceptions.

The case of *Guess & Glover* v. *R. R.,* 73 S. C., 267, shows that there is no merit in the 5th exception.

And the 6th exception cannot be sustained, as the record does not disclose the fact that the defendant requested permission to answer the amended complaint.

It is the judgment of this Court, that the judgment of Circuit Court be affirmed.